IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CARANTON D. MCNAIR**                                                                                      **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:23-cv-00094-TBM-RPM**

**SHERIFF DAVID ALLISON**                                                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* on *pro se* Plaintiff Caranton D. McNair's failure to comply with Court Orders. Plaintiff filed a petition for writ of habeas corpus on April 5, 2023. *McNair v. Allison*, No. 1:23-cv-00090-HSO-BWR (S.D. Miss. Apr. 5, 2023) (Doc. 1). That petition contained claims properly arising under 42 U.S.C. § 1983, and those claims were severed into a separate lawsuit bearing this civil action number on April 10, 2023. [1], pp. 1-3. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP"), but his application for leave to proceed IFP is incomplete. [3], pp. 1-2.

While conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court ordered Plaintiff on April 10, 2023, as follows:

> [O]n or before May 10, 2023, plaintiff shall either pay the required $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

[5], p. 1. Plaintiff was warned that "[f]ailure to advise this Court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." [5], p. 2. That Order [5] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. [6], p. 1. Plaintiff did not comply by the May 10 deadline.

On May 18, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [5]. [8], p. 1. Plaintiff's responsive deadline was extended to June 1, 2023, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [8], pp. 1-2. The Order to Show Cause [8], with a copy of the Court's April 10 Order [5], was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "Not here." [9], p. 1. Plaintiff did not comply with the Court's Orders [5] [8] by the June 1 deadline.

On June 5, 2023, the Court entered a Second and Final Order to Show Cause [10], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [5] [8]." [10], p. 2. Plaintiff was ordered to file a written response on or before June 20, 2023. [10], p. 2. Plaintiff was also ordered, on or before the June 20 deadline, to comply with the Court's April 10 Order [5] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." [10], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [10], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [5] [8]." [10], p. 2. The Second and Final Order to Show Cause [10], with a copy of the Court's April 10 Order [5] and May 18 Order [8], was mailed to Plaintiff at his last-known mailing address, and it was also returned to the Court as undeliverable in an envelope marked, "Not here." [11], p. 1.

2

Plaintiff did not comply with the Second and Final Order to Show Cause [10], and he has not communicated with the Court about his lawsuit since April 10, 2023—despite being warned three times that a failure to comply or to notify the Court about a change in address may lead to the dismissal of his case. *See* [5], p. 2; [8], p. 2; [10], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the party seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [5] [8] [10], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

THIS, the 6th day of July, 2023.

                                                                         _____
                                                                         TAYLOR B. McNEEL
                                                                         UNITED STATES DISTRICT JUDGE